IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 1:17-cr-84(1) |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **ORDER DENYING DEFENDANT'S** |
| KEILA SPURLING, | : | **MOTION FOR COMPASSIONATE** |
| | : | **RELEASE** |
| Defendant. | : | |
| | : | |

This matter is before the Court on Defendant's Second Motion for Compassionate Release (Doc. 103). The United States opposes Defendant's motion (Doc. 104). The Court provided an opportunity for hearing on August 31, 2020. For the reasons set forth below, Defendant's motion will be **DENIED**.

## I. BACKGROUND

On October 10, 2017, Defendant Keila Spurling entered into a plea agreement in this matter. (Doc. 45.) According to the statement of facts to which Spurling admitted, she and her three co-defendants robbed two different banks within a two-week period in 2017. Specifically, on May 26, 2017, while her co-defendant brandished a firearm, Spurling vaulted the bank counter, gathered money, and fled the bank. (Doc. 45 at PageID 82.) On June 6, 2017, they robbed a second bank, but this time Spurling held bank employees at gun point while two of her co-defendants gathered the money. (*Id.*)

Spurling ultimately pled guilty to two of the counts charged—armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. 49.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Spurling and the United States agreed to "a

total term of imprisonment of one hundred forty-seven (147) months – 63 months as to Count 1 [armed bank robbery] and 84 months on Count 4 [brandishing a firearm during a crime of violence], to run consecutive to Count 1 – followed by a five (5) year term of supervised release." (Doc. 45 at PageID 79.) The Court imposed the agreed sentence on May 16, 2018. (Doc. 79.)

On June 8, 2020, Spurling requested a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), commonly called "compassionate release." (Doc. 95.) Having determined that Spurling had not exhausted the required administrative remedies, the Court denied her first motion for compassionate release without prejudice. (Doc. 102.) On August 11, 2020, Spurling filed a Second Motion for Compassionate Release. (Doc. 103.) According to the medical records provided in support of her motion, Spurling, who is only 29 years old, has suffered two significant heart attacks while incarcerated. She had a pacemaker and defibrillator inserted in April 2020. Spurling is incarcerated at FMC-Carswell, a federal medical center operated by the Bureau of Prisons, in Tarrant County, Texas. She has been in federal custody since July 20, 2017. (Doc. 11.) Her projected release date is January 8, 2028.

## II. LEGAL STANDARD AND ANALYSIS

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008). "The compassionate release provisions were first included in the Sentencing Reform Act of 1984 . . . to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking sentence reduction bears the burden of proving

2

entitlement to compassionate release. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020).

Compassionate release motions are governed by 18 U.S.C. § 3582(c)(1)(A). Pursuant to section 3582(c)(1)(A)(i):

> The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In the case at bar, the parties agree both that Spurling has now exhausted the required administrative remedies[1] and that her extraordinary medical challenges were not and could not have been foreseen at sentencing. (Doc. 104 at PageID 862.) However, the Court may grant her compassionate release only if "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is consistent with the applicable Sentencing Commission policy statements.[2] 18 U.S.C. § 3582(c)(1)(A)(i).

---

[1] Spurling requested compassionate release from the Bureau of Prisons, but the Warden denied her request on June 16, 2020. (Doc. 103-1 at PageID 681.)

[2] The applicable Sentencing Commission policy statements are contained in Sentencing Guideline § 1B1.13, and the accompanying commentary. However, "this statement is at least partly anachronistic because it has not yet been updated to reflect the new procedural innovations of the First Step Act." *Ebbers*, 432 F. Supp. 3d at 427. That being said, § 1B1.13(2) specifically requires a finding that "the defendant is not a danger to the safety of any other person or to the community." Commentary Application Note 1(A) to Guideline § 1B1.13 clarifies the circumstances

3

Section 3553(a) factors include, among others: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct.

In this case, Spurling admits that she and her co-defendants committed armed bank robberies on two separate occasions, both of which involved brandishing a firearm. According to the manager at one of the banks, "Spurling held the firearm less than one foot away from his head," "screamed and shouted profanities at bank staff," and he "believed his life was in serious danger." (PSR at ¶ 28.) Indeed, one employee immediately quit her job following the armed robbery. (*Id.*) A bank teller indicated that she was so "terrified" and in fear for her life that she had to be prescribed medication to sleep. (*Id.* at ¶ 29.) She no longer felt safe in a bank environment and ultimately resigned her position several months later. (*Id.*)

This offense is extremely serious. Under the Sentencing Guidelines, Spurling's recommended sentencing range is 154 to 167 months.

In addition, this is not Spurling's first offense involving a firearm. During a 2013 search of the vehicle Spurling was driving, "police located a loaded firearm that was concealed under the driver's seat." (*Id.* at ¶ 63.) At the time of the instant offense, Spurling had yet to successfully complete the one year of community control imposed for the 2013 firearm offense. (*Id.*)

While the Court is extremely sympathetic to Spurling's ongoing, serious health issues, it is not convinced that Spurling's physical challenges are enough to protect the public from further

---

under which a defendant's medical condition supports compassionate release (provided she is not a danger to the community).

4

crimes. Spurling's weapon of choice appears to be a firearm, and there is no evidence that her current physical limitations would prevent her future firearm use. Spurling engaged in very serious criminal conduct, endangering many lives in the process.

Finally, the Court must be mindful to avoid sentencing disparities among defendants convicted of similar conduct. Among her co-defendants, Spurling and Miguel Chiles committed the most egregious acts. Miguel Chiles' anticipated release date is May 30, 2030. Quincy Chiles' anticipated release date is January 10, 2026, and even Sierra Leary—who did not enter the banks but drove the "getaway" car—is not slated for release until August 4, 2024. The Court's compassion for Spurling and the health challenges she faces does not justify releasing Spurling—who threatened bank personnel at gunpoint—four years earlier than her least culpable co-defendant.

### III. CONCLUSION

After considering the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is not warranted in this case. Accordingly, Defendant's Motion for Compassionate Release (Doc. 103) is **DENIED**.

**IT IS SO ORDERED.**

_Susan J. Dlott_
Judge Susan J. Dlott
United States District Court