SUBJECT: COMPASSIONATE RELEASE MOTION
DATE: 09/12/2025 07:41:03 AM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

UNITED STATES OF AMERICA

V.                                              NO.  1:17-CR-84-1

KEILA SPURLING

RECEIVED IN THE OFFICE OF
JUDGE SUSAN J. DLOTT

SFP 26 2025

UNITED STATES DISTRICT COURT

DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND/OR A SENTENCE REDUCTION

DEFENDANT'S MOTION FOR EXPEDITED BRIEFING & APPOINTMENT OF COUNSEL

The Defendant, Keila Spurling, pro se, files the above-referenced Motions requesting that the Court grant compassionate release or a sentence reduction, in accordance with 18 USC Section 3582.  The Defendant is eligible for compassionate release and/or a sentence reduction because she is a victim of sexual abuse while incarcerated, she has medical conditions not being adequately treated, and she is exposed to toxic mold and asbestos.  In support, the Defendant presents the following:

I. DEFENDANT'S RELEVANT CASE BACKGROUND & MEDICAL ISSUES

The Defendant is serving a 141 month sentence for armed bank robbery.  The Defendant has been in custody since June 2017.

During her incarceration in the FBOP, the Defendant suffered with heart disease, requiring the placement of a pacemaker/defibrillator surgery.  The Defendant suffers with severe asthma.

The Defendant is transgender.  Since 2019, the Defendant has been in the physical and mental process of transitioning. The Defendant is a victim of sexual abuse by an FBOP employee, being targeted by a female officer, attracted to transmen.

The Defendant's medical and mental health condition is being complicated by the prison's severe, dangerous case of toxic mold and friable asbestos, due to failure to properly maintain the facility.  The Defendant is suffering with respiratory problems she did not have prior to her incarceration at FMC-Carswell.

While the Defendant is transgender, she is forced to shower with biological male inmates, alleging they are transwomen, but actually scamming the FBOP transgender policy, to have access to biological women to commit voyeurism, stalking, and sexual assaults.

The Defendant is physically ill, emotionally distraught, and needs immediate intervention of the Court.

II. JURISDICTION & VENUE

The Defendant made a request in July 2025, in writing, asking the warden for compassionate release.  The Defendant has not received a denial or approval.  Exhibit-A, Request to Warden T. Rule.

The Court has jurisdiction to grant compassionate release or a sentence reduction.

III. STANDARD OF REVIEW FOR OBTAIINING COMPASSIONATE RELEASE OR A SENTENCE REDUCTION

A district court may grant a defendant compassionate release or a sentence reduction, pursuant to 18 U.S.C. Section 3582 and/or U.S.S.C. Section 1B1.13,  based on age, illness of a parent, health and family circumstances, sexual abuse, intervening changes in law, or the catch-all of Section 1B1.13(5).

A district court may grant relief for any "extraordinary and compelling reason" for release a defendant might raise.  United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020).

## IV. ARGUMENTS AND AUTHORITIES IN SUPPORT OF GRANTING COMPASSIONATE RELEASE

### A. THE DEFENDANT'S HEALTH AND THE ENVIRONMENTAL CONDITIONS AT FMC-CARSWELL WARRANT GRANTING COMPASSIONATE RELEASE.

The Defendant has numerous serious health problems which are being made worse by toxins in the prison.

The Defendant is exposed to toxic mold, friable asbestos, and other dangerous chemicals, which are being inhaled by the Defendant through the HVAC system. The main building of FMC-Carswell was built in the late 1940s, before asbestos products were known to cause cancer. Toxic mold, asbestos, and PFA chemicals ("forever chemicals) are throughout the prison. The prison floor tiles were manufactured with asbestos. The prison officials continue to order inmates to dry buff these tiles, causing the Defendant to inhale friable asbestos.

The prison system has no money for air duct cleaning or asbestos remediation. While this is not a conditions of confinement claim, the Court may consider prison conditions as an extraordinary circumstance. United States v. Smith, 538 F. Supp.3d 990 (E.D. Cal. 2021)(holding prison conditions warranted release).

The Defendant is suffering with excessive nasal drainage, headaches, coughing spasms, dizziness, sleep disturbances, and fatigue. The Defendant has cycled through flu-like symptoms every 6 weeks while at FMC-Carswell. The prison refuses to perform testing of antibodies for Chronic Hypersensitivity Pneumonitis, although the Defendant has all the symptoms associated with this disease.

The Defendant needs to be removed from these pulmonary irritants. The granting of compassionate release would cure the Defendant's respiratory problems, almost daily asthma attacks, coughing spasms, heavy nasal drainage, and difficulty sleeping. See, Ricketts v. Ciccone, 371 F. Supp. 1249 (W.D. Missouri 1974)(petitioner had Chronic Rhinitis caused by mold in the prison, district court ordered transfer to drier climate); Also see, Fleming v. United States, No. 20-cv-545-WS (N.D. Fla. 2025)(district court holding federal inmate's claim of illnesses caused by toxic mold and asbestos at a federal prison, affirmed on appeal, later settled); California Coalition for Women Prisoners v. United States, No. 23-cv-4155-YGR (N.D. Cal. 2025)(finding mold and asbestos in HVAC system of FCI-Dublin, prison closed).

As stated in the "Third Amended Complaint" of Fleming v. United States, No. 22-cv-05082, (N.D. Cal.), no exposure to asbestos is safe. The inmate in the Fleming case, represented by the Willkie Law Firm, cites a mold/asbestos survey which proved federal inmates were exposed to these dangerous toxins. The prison was closed, in part, due to dangerous environmental conditions.

Since this exposure to toxic mold and friable asbestos, the Defendant has continually suffered with respiratory problems and is afraid of a reoccurrence of another form of cancer. All of the FBOP women's prisons are in disrepair, with these dangerous substances, and no money for remediation of these toxins.

Compassionate release is warranted. The Defendant was not given a death sentence.

### B. THE DEFENDANT HAS BEEN SEXUALLY ABUSED BY A FEDERAL PRISON EMPLOYEE.

As a transgender inmate, the Defendant has faced tremendous discrimination. To add insult to injury, the Defendant was sexually abused by a female officer, a Ms. Harris. After the Defendant rebuffed the sexual advances of this officer and reported the sexual abuse, the prison officials allowed this female officer to write numerous false incident reports against the Defendant.

After making the PREA report, another inmate was approached by the same officer to make false statements against the Defendant. When the inmate refused, this inmate was received an incident report with false statements. All of this is documented by investigators at the prison.

The FBOP has allowed sexual, criminal acts to be committed against the Defendant. The Defendant knows Officer Harris is under investigation, but has not received notice on the status of the investigation.

Section 1B1.13(b)(4) and (5) are applicable to this claim because the Defendant is a victim of sexual abuse.

Section 1B1.13 allows for compassionate release when an inmate has been the victim of sexual abuse. United States v. Gray, No. 2:01-0007-KD (S.D. Ala. Dec. 17, 2024)(bank robbery resulting in a murder); United States v. Russell, No. 1:21-cr-00158-DC-2 (D. Idaho 2024); (both granted compassionate release where a FBOP male employee sexually abused women in

2

custody). Also see, California Coalition for Women Prisoners v. United States, No. 23-cv-4155-YGR (N.D. Cal. 2024)(Proposed Settlement Consent Decree in case where sexual abuse of federal women prisoners was rampant, even involving a prison warden and prison chaplain).

C. THE DEFENDANT HAS SUFFERED SEXUALLY ABUSE DUE TO FAILURE OF ADEQUATE REVIEW OF BIOLOGICAL MALE INMATES ALLEGING THEY ARE TRANSWOMEN.

D. THE FBOP IS ENDING TRANSGENDER MEDICAL & MENTAL HEALTH TREATMENTS REQURING THE DEFENDANT TO CONTINUE HER TREATMENT IN THE COMMUNITY.

In January 2025, President Trump issued an executive order to end all transgender treatments in the FBOP. While there is ongoing litigation on this matter, it is the Defendant's belief eventually the executive order will be upheld.

For this reason, the Defendant moves the Court for relief, so that treatments she has received since 2019, will not be abruptly ended, causing a set back in her transitioning.

V. SECTION 18 USC SECTION 3553 FACTORS FAVOR GRANTING THE DEFENDANT RELIEF

The Court is required to consider Section 3553 factors when contemplating a sentence reduction. The Defendant believes these factors favor compassionate release or a sentence reduction.

1. The Defendant is deserving of consideration for some leniency, where the Defendant is a victim of sexual abuse and there is ongoing constitutional bodily privacy rights violations subjecting her to sexual abuse by biological male inmate sex offenders.

2. The Defendant has participated in the programming recommended by the prison officials. Overcrowding in the prison, the length of her prison sentence, and her immigration status has caused the Defendant to be placed on waiting list for many classes.

3. The need for the sentence to reflect the seriousness of the offense has been met. The Defendant has suffered physically, mentally, and emotionally, in ways not contemplated by the Court. The sentence issued by the Court was not intended to be as harsh as it has been. The state of affairs at FMC-Carswell is cruel and unusual punishment where the Defendant has been sexually violated, which harmed the Defendant's physical, emotional, and mental health.

4. The need to deter future criminal conduct has been met. The Defendant had mental and emotional problems connected to her gender identity.

5. The need to protect the public has been met. The Defendant is no threat to the public. The Defendant is 34 years old, an age where there is less of a chance of recidivism. The Defendant has served over 8 years in custody, during the harsh years of the pandemic.

6. There is a need for the Court's intervention to prevent the FBOP from continuing to sexually abuse women, by forcing them to share intimate spaces with male inmates, is against the law in the State of Texas, see Penal Code 21.17, where the prison is allowing a sex crime, Voyeurism and Stalking. The Defendant lives with numerous male sex offenders. Additionally, the Defendant should be allowed to complete her medical transitioning in the community.

7. There is a need to avoid sentencing disparities. The Defendant has served her sentence, in harsh, mentally debilitating conditions, involving sexual abuse and while inhaling friable asbestos and toxic mold.

VI. MOTION FOR EMERGENCY EXPEDITED BRIEFING & APPOINTMENT OF COUNSEL

Based on the claims put forth, and the urgency of circumstances causing irreparable harm to the Defendant, EXPEDITED BRIEFING is a necessity for the Court to utilize its inherent authority over this matter. The Defendant is in imminent danger due to male sex offenders in prison with her, inadequate medical care(to include ending therapy for gender dysphoria), and dangerous environmental conditions.

The Defendant moves the Court to grant appointment of counsel. In cases where sexual abuse is a claim for a compassionate release or a sentence reduction, district courts have routinely granted appointment of counsel.

VI. SPECIFIC RELIEF REQUESTED

3

The Defendant prays the Court will order her immediate release and modify the conditions of the supervised release portion of the sentence, to include 1 year in the federal halfway house.  This would allow the Defendant to utilize the resources of this facility to obtain medical/mental health care and employment.

CONCLUSION

The Defendant sincerely prays the Court will consider the claims presented, the background of the Defendant, and the need for the Defendant's medical/mental health care in the community.

Keila Spurling, Defendant
September 12, 2025
Reg. No. _76907-061_
FMC-Carswell
PO Box 27137
Ft. Carswell, TX 76127

CERTIFICATE OF VERIFICATION PURSUANT TO 28 USC SECTION 1746

I, Keila Spurling, certify under penalty of perjury the statements in this Motion are true and correct to the best of my knowledge, and may be considered testimonial evidence.

Keila Spurling, Declarant
September 12, 2025

CERTIFICATE OF SERVICE

Service is performed on the same day, by the electronic filing of this Motion by the Clerk.

Keila Spurling, Defendant

4