# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 17-CR-00084 |
| *Plaintiff,* | : | JUDGE DLOTT |
| v. | : | |
| KEILA SPURLING, | : | |
| *Defendant.* | : | |

---

## AMENDED RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

---

The defendant, Keila Spurling, has filed a motion asking this Court to grant compassionate release or a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Spurling asserts that she is suffering with severe asthma which is being further complicated by the existence of toxic mold and friable asbestos that is present within the facility. (R.133 PAGEID # 940) She also asserts that she has been the victim of sexual abuse by an FBOP employee. The United States respectfully opposes the motion. The Court should deny Spurling's motion as she has failed to exhaust her administrative remedies, and she has otherwise failed to establish eligibility for a reduction in sentence as a victim of abuse.

## I.    Factual Background

On May 2, 2018, the defendant was sentenced to 147 months' imprisonment after having been convicted of armed bank robbery (Count 1) in violation of 18 U.S.C. § § 2113(a) &(d) and possession of a firearm during and in relation to a crime of violence (Count 4) in violation of 18 U.S.C. § 924(c)(1)(A). (R.79 Judgment).

On June 8, 2020, Spurling file a motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (R. 96 First Motion) This motion was denied without prejudice by this Court because Spurling had failed to exhaust her administrative remedies.  (R.102) On August 11, 2020, Spurling filed a Second Motion for Compassionate Release. (R. 103) This Court, while sympathetic to Spurling's physical challenges, denied the motion, concluding that her health issues were not enough to overcome the danger to the community that she posed given her criminal history, the nature and circumstances of the instant offense, and the need to avoid sentencing disparities among defendants convicted of similar conduct.  (R. 106).

On January 8, 2024, Spurling filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and renewed her second motion for compassionate release.  (R.121) On February 26, 2024, this Court granted Spurling's motion for reduction in sentence and reduced her sentence in Count 1 from 63 months to 57 months.  As such, Spurling has been sentenced to 141 months imprisonment with an expected release date of April 20, 2028.

## II.    ANALYSIS

### A. Applicable Legal Framework

2

**1. Spurling has failed to establish "extraordinary and compelling reasons" for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).**

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if a defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." USSG § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if a defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> USSG § 1B1.13, cmt. n.1(A)(ii).

Spurling contends that she has serious health problems which are being made worse by toxins in the prison.  Specifically, she cites the presence of toxic mold and asbestos due to the

failure by the BOP to properly maintain the facility.  Spurling has never filed an administrative claim at FMC Carswell related to asbestos and/or mold.  Inmates that file administrative claims (tort claims) related to asbestos/mold receive the following information in response:

> *The Safety Department has found no evidence of hazardous environmental conditions during any of the inspections.*
>
> *An investigation and a review of your housing unit/living quarters reflects there is no evidence of toxic mold present in your unit. There is, however, evidence of sanitation concerns that need to be addressed daily in the shower and restroom areas, to include cleaning the walls and ceilings with chemicals provided weekly by the Safety Department.*
>
> *According to the Clean Air Act of 1970, the Government began to provide oversight of the use of asbestos containing materials.  The General Service Administration regulates all Federal Buildings containing asbestos and requires testing every five years for Federal Building constructed prior to 1981.  FMC Carswell's Highrise was constructed in 1996-1997 and does not contain any asbestos related materials. You are currently located in the Highrise and are not exposed to asbestos.*

The Government reached out to FMC Carswell and was informed that FMC Carswell did have asbestos at one point, but the US Army Corps of Engineers removed it before the BOP took over the facility, back in 1995. The other structures at FMC Carswell were built after asbestos was used in construction. There is no asbestos at FMC Carswell main facility. Repeated sweeps by the Facilities Dpt. confirms there is no mold, though there is some mildew which forms occasionally, and the inmates often mistake it for mold.  As such, Spurling's claim that mold and asbestos has contributed to her health problems is not supported by the record.

Furthermore, the Section 3553(a) factors weigh against a reduction of the defendant's sentence. Her offense conduct was neither minor nor aberrant: she served as the ringleader and one of the primary aggressors in both armed robberies that she participated in.  She brandished a firearm, vaulted the counter, and removed the money from the teller drawers all in the face of honest hardworking employees.

This Court should deny the defendant's motion because the defendant poses a significant danger to the public if released and the statutory sentencing factors under 18 U.S.C. § 3553(a) do not weigh in favor of her release.

### 2. Spurling has not established that she is eligible for a sentence reduction under § 1B1.13(b)(4).

A federal court may modify a term of imprisonment, once imposed, in limited circumstances. *Freeman v. United States*, 564 U.S. 522, 526 (2011). Federal law permits a district court to reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant may file his or her own § 3582(c) motion with the district court. 18 U.S.C. 3582(c)(1)(A). However, before filing the motion, the defendant must first request that the BOP file such a motion on his or her behalf. *Id.* A court may grant a defendant's own motion for a sentence reduction only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

After regaining a quorum in 2022, the Sentencing Commission amended § 1B1.13. In so doing, it expanded the list of extraordinary and compelling reasons. Applicable here, § 1B1.13(b)(4) provides that an extraordinary and compelling release for release exists when the following criteria are satisfied.

> (4) Victim of Abuse. The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>
> (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18

5

U.S.C. § 2246(2)(D) regardless of the age of the victim); or

(B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

(C) that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, *the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or finding in an administrative proceeding,* unless such proceedings are unduly delayed, or the defendant is in imminent danger.

U.S.S.G. § 1B1.13(b)(4) (emphasis added). A district court may consider a defendant's rehabilitation "in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."

U.S.S.G. § 1B1.13(d).

The defendant bears the burden of establishing eligibility for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Cannon v. United States*, 2019 WL 5580233, at *2 (S.D. Ala. Oct. 29, 2019). If a defendant carries that burden, a district court must consider the applicable sentencing factors in 18 U.S.C. § 3553(a) in deciding whether to exercise its discretion to grant the motion. 18 U.S.C. § 3582(c)(1)(A). The court must also determine if the defendant is a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13(a)(2) (citing 18 U.S.C. § 3142(g)). And a sentence reduction must be consistent with § 1B1.13. § 1B1.13(a)(3).

## B. The Court Should Deny Spurling's Motion

Spurling has not established that she is eligible for a sentence reduction under

6

§ 1B1.13(b)(4).  At the outset, Spurling has not asserted that she requested that the warden at her facility file a motion for compassionate release on her behalf or provided evidence that she did so.  She, therefore, has not demonstrated that she exhausted her administrative remedies before filing this present motion.[1]

Nor has Spurling satisfied any of the conditions detailed in § 1B1.13(b)(4).  The Sentencing Commission detailed specific evidence which would establish an extraordinary and compelling reason for a sentence reduction under that policy statement.  Spurling's mere assertion of sexual abuse is insufficient.  She has provided no documents in support of her claims. [2]  (See Exhibit A)

Considering Spurling's failure to establish her eligibility for a sentence reduction under § 3582(c)(1)(A), the Court need not consider whether the sentencing factors support granting the motion.  *See United States v. Tinker,* 14 F. 4th 1234, 1237-38 (11th Cir. 2021).

---

[1] Spurling was instructed to email her request for Compassionate Release to the Social Work Department.  The Warden further advised Spurling that the Social Worker may request additional information or schedule her for an appointment related to her request and that after that she would receive a response to her request from the Warden's Office. (Doc 133 PAGEID # 944) Spurling has not submitted any documents that suggest that these steps were taken.

[2] Spurling's sexual advance allegation was investigated by OIA and it was not sustained.  Therefore, there was no finding of misconduct by a staff member.

7

## CONCLUSION

Accordingly, this Court should deny Spurling's motion for compassionate release and/or sentence reduction.

Respectfully submitted,

DOMINICK S GERACE II
United States Attorney

s/Anthony Springer
ANTHONY SPRINGER (0067716)
Assistant United States Attorney
221 E. 4th Street, Suite 400
Cincinnati, OH 45202
Tel: (513) 684-3711
Fax: (513) 684-6385
Anthony.Springer@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Amended motion was filed with the Court's CM/ECF filing system and served on all parties on record this 4th day of February 2026.

s/Anthony Springer
ANTHONY SPRINGER
Assistant United States Attorney