IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 1:17-cr-84(1) |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **SECOND ORDER** |
| KEILA SPURLING, | : | **TO FILE EVIDENCE** |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Keila Spurling's Third Motion for Compassionate Release and/or a Reduction of Sentence.  (Doc. 133.)  She seeks immediate release from her incarceration at FMC Carswell, but the Government opposes her release and any reduction of her sentence.[1]  (Doc. 136.)  The Court requires additional evidence from the parties to make an informed decision on Spurling's Motion.

**I.**

On a compassionate release motion, a district court must determine whether extraordinary and compelling reasons for a reduction exist, whether a reduction would be consistent with the policy statement in the United States Sentencing Guidelines, and whether sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction.  *See United States v. Jones*, 980 F.3d 1098, 1101, 1107–1108 (6th Cir. 2020) (interpreting 18 U.S.C. § 3582(c)).  Whether extraordinary and compelling reasons exist and whether a reduction would be consistent with the Sentencing Guidelines policy statement should be proven with evidence.  Sufficient evidence has not been presented here.

---

[1]  Keila Spurling is transgender, but she continues to use female pronouns.  (Doc. 133 at PageID 940.)  The Court likewise will use female pronouns for her.

First, Spurling asserts that she was sexually abused or subjected to unwanted sexual advances by a corrections officer and then retaliated against for reporting the abuse. (Doc. 133 at PageID 941.)  The Sentencing Guidelines provide that extraordinary and compelling circumstances for compassionate release exist for an inmate who suffers sexual abuse by a corrections officer involving a sexual act as defined in 18 U.S.C. § 2246(2).  U.S.S.G. § 1B1.13(b)(4).  Such abuse, however, ordinarily "must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding."  *Id.*  Spurling has not established the abuse occurred with such evidence, nor has she established that she is currently "in imminent danger."  *Id.*  On the other hand, the Government submits an investigative finding by the Office of Internal Affairs in September 2025 that as to the allegations of misconduct and retaliation against Officer Harris, "[n]o misconduct was sustained."  (Doc. 136-1 at PageID 991.)

Second, Spurling asserts that she suffers from serious medical conditions and that toxic mold and asbestos at FMC Carswell are causing her physical harm.  (Doc. 133 at PageID 940–941.)  A defendant's medical conditions can constitute extraordinary and compelling circumstances justifying compassionate release in limited circumstances:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is--
>
> > (i) suffering from a serious physical or medical condition,
> >
> > (ii) suffering from a serious functional or cognitive impairment, or
> >
> > (iii) experiencing deteriorating physical or mental health because of the aging process,

2

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances--

(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

The Court recognized in a previous Order that Spurling suffered two heart attacks after her incarceration.  (Doc. 106 at PageID 729.)  Prison medical records filed in August 2020 established that she has asthma and had a heart pacemaker/defibrillator placed in April 2020. (Doc. 104 at PageID 699.)  Common sense suggests that these conditions might make her more susceptible to illness caused by exposure to toxins.  But the Court does not have medical records regarding Spurling's current medical condition.  Additionally, the parties dispute whether mold and asbestos are present at FMC Carswell.  The Government asserts that prison officials have not found mold or asbestos at the prison, but it presents only hearsay on this point.  Other inmates have alleged that mold and asbestos are present at FMC Carswell.  *See*, *e.g.*, *United States v. Hardin*, No. 1:12-cr-80, 2025 WL 2306848, at *6 (E.D. Tex. Aug. 11, 2025) (denying compassionate release where the defendant did not prove that mold or asbestos caused a serious medical problem for her); *United States v. Herrera*, No. 3:18-cr-06, 2025 WL 2163773, at *2

(N.D. Tex. July 29, 2025) (denying compassionate release based on § 3553(a) sentencing factors); *United States v. Murrow*, No. CR 21-11-H-BMM, 2025 WL 2163227, at *3–4, 5 (D. Mont. July 30, 2025) (granting reduction of sentence of six months); *United States v. Hamilton*, No. H-17-418, 2024 WL 4052336, at *7 (S.D. Tex. Aug. 19, 2024) (denying compassionate release because the defendant did not prove she had a serious physical or medical condition).

## II.

The Court needs additional evidence to determine whether compassionate release is appropriate here.  Accordingly, the Court **ORDERS** the Government to file by March 20, 2026 (1) admissible evidence—such as affidavits, authenticated remediation reports, or authenticated inspection reports—about the presence of mold or asbestos at FMC Carswell and (2) Spurling's prison medical records since August 2020 concerning her heart condition, asthma, and any respiratory or flu-like complaints.  Likewise, the Court **ORDERS** Spurling to file by March 20, 2026 any evidence she has supporting her allegations.  Such evidence can include an affidavit or a signed and dated sworn statement made under penalty of perjury asserting facts within her personal knowledge.

**IT IS SO ORDERED.**

S/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court

4